## ALEXANDER VS. FOSTER.

A plea to an action upon a promissory note, that the defendant, being unable to read or write, and the payee taking advantage thereof, made the note payable at a day before the debts or accounts, for which it was given, were due, and so the note was obtained by fraud, &c., must be intended as a special plea of *non est factum.*

A special plea of *non est factum*, alleging that the defendant is ignorant and unable to read or write—that he owed the amount of the note, but a large portion of it was not due until a day long subsequent to the day of payment in the note—that he thought the note, when he executed it, was payable at such subsequent day—that it was his intention to make it payable on such day, and his understanding that it was so drawn; but not averring any contract or agreement with the creditor, or any intention or understanding on his part as to the time of payment: HELD, That the plea was not sufficient to bar the action.

The plaintiff filed his motion to strike out the plea of the defendant; and then filed a demurrer to the same plea: HELD, That the demurrer was not a waiver of the motion to strike the plea from the files.

A plea in bar attacking the consideration of the note sued on—averring fraud and usury—is a nullity, unless sworn to: (*McFarland vs. State Bank,* 4 *Ark.* 415; *Williams vs. Williams,* 13 *Ark.* 491;) and a motion to strike out is proper.

*Appeal from the Circuit Court of Columbia county.*

Hon. THOMAS HUBBARD, Circuit Judge.

J. H. CARLETON, for the appellant. Fraud renders all contracts tainted with it void. *Ch. on Con.* 678, (5 *Am. Ed.*,) *and notes d and 2;* and is a good defence: 1 *Story Eq. Jur., sec.* 60; 3 *N. Hamp.* 455; 15 *Mass.* 319.

Procuring an illiterate person to execute an instrument or deed, which is different from what he understands it, or misreading it to him, is a fraud which will avoid it. *Jackson ex. dem.*

*Russell vs. Cory.*, 12 *J. R.* 469; 24 *Wend.* 419; 1 *Story's Eq. Jur.*, sec. 60.

There must be a mutual consent, otherwise there is no contract. *Domat Com. Civ. Law, part,* 1, *lib.* 1 *art.* 1, *sec.* 1, *page* 163, *Cushing's Ed.; Ch. on Con.* 9. And the parties must assent to the same subject matter and in the same sense. *Hazard vs. New Eng. Mar. Ins. Co.*, 1 *Sumn.* 218.

Pleas, unless they are wholly frivolous, should not be stricken out. *Blackmore et al. vs. President and Directors*, 4 *Ark.* 454. There is no rule of law requiring pleas of fraud to be sworn to.

Demurring to the plea, after a motion to strike out for the same cause, is a waiver of the motion. *Yeates vs. Heard*, 2 *Ark.* 459.

GALLAGHER, for the appellee. The 3d plea purported to be a plea of usury, and should have been verified by affidavit. It was properly stricken out. *Digest, p.*808, *chap.*126, *sec.*76; *Howell vs. Vansant*, 2 *Eng.* 147.

A plea, impeaching the consideration of any instrument in writing sued on, not verified by affidavit, may be disregarded by the court, and judgment rendered as for want of a plea, or may, on motion, be stricken from the files. *McFarland vs. State Bank*, 4 *Ark.* 415; *Wilson vs. Wilson*, 13 *Ark.* 421.

The court below correctly sustained the demurrer to the 2d plea. It was no answer to the declaration: it is an incomprehensible plea. It is not a plea of fraud or partial failure of consideration. *Wheat use &c. Dotson*, 7 *Ark.*

Mr. Justice HANLY delivered the opinion of the Court.

This was an action of assumpsit, brought by the appellee against the appellant in the Circuit Court of Columbia county, upon a promissory note for the sum of $241 08, dated July 24th, 1854, and payable one day after date, with interest at 10 per cent from the 1st day of January, A. D. 1854.

Process of summons was duly issued and executed on the ap-

pellant. At the return term of the writ, he appeared, craved oyer of the note sued on, which being granted, he filed three several pleas in bar of the action—that is to say:

1st. The general issue. 2d. That he was an illiterate man; could not read, write or sign his name: that he owed the appellee the sum of one hundred and fifty dollars, but the same was not due, nor to be paid until Christmas next after filing said plea: that the balance of the amount claimed by the appellee is for a store account, due the 1st of January next before the filing of such plea; that, at the time of the execution of said note, it was not his intention, nor understanding to give said note due until Christmas, 1854; that the said note may have been read; but, if so, he did not discover that it was drawn due when it was; that appellee took advantage of appellant's want of literary attainments, and drew said note due one day after date, when in conscience and equity, the said sum of one hundred and fifty dollars, part of the consideration of said note, was not due until Christmas, 1854, and that the note sued on was understood, at the time it was made, as above shown, and intended by the appellant, to be made due as aforesaid, and was concluded with a verification in the usual form. And 3d. That said note was usurious and covinous, in this: because the said appellant was indebted to the appellee in the sum of one hundred and fifty dollars, due Christmas, 1854; and also in some sixty odd dollars, (the balance of said sum of said note) for a store account due 1st January, 1854; that, at the date of said promissory note, said appellee, well knowing the facts, and that said appellant could not read or write, took, covinously and usuriously, to oppress appellant and for his own gain, the note in this suit for said sum of one hundred and fifty dollars, so due as aforesaid, and the said store account, due as foresaid, and made of them the entire consideration of the note in this case, and contrary to the understanding of appellant, and good faith, and drew said note due one day after date, and covinously and usuriously drew said note, so that the said sum of one hundred and fifty dollars, part of the consideration of said note, should,

and by the terms thereof did, draw interest at the rate of ten per cent. per annum from the first day of January, 1854, when in truth and in fact the same was not due, nor intended to be made due, until Christmas, 1854; and so appellant avers that said promissory note is covinous and usurious : concluding with a verification in the usual form.

To the first plea of the general issue, the appellee took issue : to the second, he demurred, and assigned the following causes, to wit:

1st. The said defendant does not conclude his said plea by putting himself upon the country.

2d. The said defendant has not, by his said plea, traversed or denied, or attempted to put in issue, any matter of fact alleged by the plaintiff, and is no answer to the declaration.

3d. Said plea proposes and shows matter of defence cognizable only in a court of equity.

4th. Said plea proposes no defence known at law.

5th. Said plea, if properly pleaded, would, in effect, be a plea in abatement, and should have been pleaded before oyer craved and granted.

6th. Said plea states no time known to the law when the sum denied to be due was to become due and be paid.

7th. Said plea leaves out many words, which should be stated. And also, that said second plea is, in many other respects, uncertain, informal and insufficient.

It appears from the transcript of the record of the Circuit Court of Columbia county, sent up to this court, that the appellee filed his motion in writing to strike out the said third plea: which motion is in the words and figures following, to wit:

"The plaintiff in this cause, by attorney, comes and moves the court that the defendant's third plea in this cause be stricken from the files for the following reasons :

1st. Said plea is not supported by affidavit as required by law.

2d. That said plea has not affixed, at its conclusion, the name of the defendant, or any person as attorney."

And it appears further, from said transcript, that, on the day that the motion to strike out was filed, the appellee also filed his demurrer to the said third plea, which is in the words and figures following:

"The plaintiff, by attorney, demurs to defendant's third plea for the following reasons:

1st. The quantity (*quantum*) of usurious interest alleged in said plea, and claimed by the said plaintiff, is not specified.

2d. That the interest (ten per cent.) alleged to be claimed by said plaintiff, is not usurious, when specified in a promissory note.

3d. That said defendant's plea does not show usury.

4th. That said plea does not aver that said usurious interest was contray to the statute in such case made and provided.

And that said plea is otherwise defective and informal."

It appears that an affidavit was appended to the second plea, in substance as follows: "That the facts set forth in said plea are true to the best of my knowledge," which purports to have been made by the appellant. To the third plea, there does not purport to be any affidavit accompanying it, verifying, in any manner, the truth of the facts therein set forth.

The appellant joined in the demurrer of the appellee to his second and third pleas. The demurrer to the second plea was sustained, and so was the motion to strike out the third one. To the judgment of the court sustaining the demurrer to the second plea—and the motion to strike out the third one of the appellant, he excepted, and made the three pleas before stated, a part of his bill of exceptions, by setting them out *in hœc verba*. Final judgment was rendered by the Circuit Court of Columbia county against the appellant on the single issue to the first plea, the general issue—the others having been disposed of in the manner before stated—it being affirmatively shown by the transcript, that a jury trial was waived. The appellant having filed the usual affidavit in such cases, prayed an appeal to this court.

But two errors are assigned in respect to the procedings of the court below:

1st. That the court erred in sustaining the demurrer to appellant's second plea.

2d. In striking appellant's third plea from the files.

Extended arguments have been filed in this court by both parties, and much zeal manifested by the counsel for their respective clients. We will not attempt to follow the learned gentlemen over the whole field which they have covered by their argument; but will content ourselves by the consideration and adjudication of the points legitimately arising from the causes assigned in error, and those properly growing out of them.

The two pleas of the appellant, designated as the second and third, were certainly interposed to bar the appellee from a recovery in the court below, upon the cause of action set out in the declaration: and to determine their character and intent, independent of extraneous matter, it might not be improper that we should proceed to analyse them with the view of determining whether they really set up matter which places the bar upon the ground of a want, or part failure of consideration inducing the execution of the writing sued on. Now if we comprehend the substance of these pleas, and may determine the design of the pleader in interposing them, from the language employed in their construction, we think there can be no doubt that such a state of facts is shown in both pleas, as to render it certain, that the appellant designed to make his bar rest upon the fraud, misrepresentation, concealment, and usury set up in his pleas, respectively, superinducing the execution of the note sued on, and going to a partial want of consideration to support it. Much of both pleas is regarded as foreign to the objects evidently intended, and was thrown into them by the pleader, supposing, as he must have done, that if his cause should not be promoted by its introduction into them, that by reason of the generous and charitable maxim of the law, *utile per inutile non vitiatur*, he could be saved from any injury or harm resulting from it. Being not only willing, but absolutely disposed to carry out the liberal maxim of the law, which we have just quoted, both in its letter and spirit, we

43B

will consider the pleas, for the present, therefore, as if they contained nothing redundant or ambiguous.

Does the second one, then, go to the consideration of the note sued on, or does it virtually question its execution? We are inclined to the conclusion that the plea in question is a virtual denial of the execution of the note sued on; and is, therefore, a special plea of *non est factum*, though inartificially drawn. For, by the common law, under the plea of the general issue, in assumpsit, nearly every defence, which shows that there was not a subsisting cause of action at the time of the commencement of the suit, is admissible. See 2 *Hill's N. Y. Rep.* 478. Also, the defendant's incapacity to contract, as that he was an infant, lunatic, or drunk: that he was in duress, the want of sufficient or legal consideration for the contract, or illegality in the contract itself might be given in evidence under this plea, as gaming, usury, &c. See 1 *Chitty's Plea.* 476 and 477. But this liberal doctrine of the common law has been restricted by legislative enactments in this State, when the suit is founded on a contract in writing, whether under seal or not: for here, the execution of a contract in writing (whatever may be the form of action adopted,) cannot be denied, or its consideration questioned, except by plea verified by the affidavit of the party, or some other person for him. See *Digest, p.* 808, *sec.* 76; *p.* 812 *sec.* 103. With this qualification, then, the law in this State, on this subject, is the same as it was at the common law; and the defence here is as broad, under the plea of the general issue in assumpsit, as it was in England. It is clear, then, that if no other plea had been interposed in the court below, than the plea of the general issue, and that had been sworn to in the manner prescribed by our statutes, the defence attempted to be set up under the second plea, which we are considering, could have been rendered available to the appellant; for, as we have before declared, the defence set up in the second plea was a virtual attempted *non est factum* of the instrument sued on: for says Mr. CHITTY, *in his learned Treatise on Pleadings, vol.* 1, *p* 483, the defendant may give in

evidence, under the plea of *non est factum*, that the deed was delivered to a third person as an *escrow*, or that it was void at common law *ab initio*. as that it was obtained by fraud; or whilst the party was drunk; or made by a married woman, or a lunatic; or that it became void after it was made and before commencement of action, by *erasure, alteration, addition, et cet.*" We must presume, therefore, that the defendant below intended this plea as a special plea of *non est factum*. Let us look to it, then, and determine whether it be good in law for this purpose: for if it is not, the judgment of the Circuit Court, sustaining the demurrer of the appellee thereto, must be affirmed.

A party to a deed at the common law, or an instrument in writing under our peculiar statutes, who means to deny it, must plead *non est factum*, either generally or specially, as he may see fit, and cannot, in pleading, deny its operation by averring that "he did not grant," "did not demise," &c., (see 1 *Chitty's Plea. p.* 483,) for the reason, as it is stated by the author, that the instrument itself gives the evidence of these facts, and the party is estopped, both in his pleading and evidence, from denying them beyond the legal effect of the writing itself.

The appellant, in his second plea, does not deny but that he made the note sued upon. He, however, attempts to answer the declaration based upon it, by saying simply, that he was ignorant, could not read, write, or sign his name, is indistinct as to the fact whether the note was read to him before it was signed with his mark; admits that he owed two accounts to the appellee, which made up the aggregate of the note; that $150 of that amount was not to have been paid, by the original contract with the appellee, until Christmas, 1854, and that he thought, when he made the note in question, by its terms, and tenor, it was not payable until Christmas, 1854; when in truth, and in fact, it was drawn payable one day after date. These facts are all admitted by the demurrer, which we are considering. Being admitted, do they serve as a bar to the appellee? We think there can be no question on the subject, that they do not. The appellant avers in

his plea, more than once, that it was "his intention" to make the note payable, Christmas, 1854; that it was "his understanding" that the note was to be due Christmas, 1854; and, in the course of his plea, he enters into a kind of argument to prove that such must have been the case, saying that $150 of the amount of the note was not due until that time, by a previous contract, but no where, and in no portion of the plea, does he aver or intimate the fact to be that the appellee had the same "intentions," possessed the same "understanding" on the subject, as to the time of the payment of the note, that he himself had. Viewing this second plea, therefore, as a special plea of *non est factum*, or in whatever other light it may be considered, we are irresistibly forced to the conclusion, that it is not a good bar to the appellee's action; and, therefore, hold that the Circuit Court did not err in sustaining his demurrer thereto.

Having thus disposed of the first error assigned, we will, at once, proceed to the consideration and determination of the second, and only remaining one; that is, that the court erred in striking out appellant's third plea."

The transcript sent up to this court, shows that a motion to strike out the 3d plea, and a demurrer thereto, were filed in the court below, on the same day; but the motion to strike out appears first on the record; and may, therefore, be intended to have been first filed, and thus it seems to have been considered by the appellant in his argument, who, nevertheless, insists that the interposition of the demurrer by the appellee in the court below, after his motion to strike out the plea demurred to, operates as a waiver of the motion to strike out; and he relies, in support of this position, on the case of *Yates vs. Heard*, 2 *Ark.* 461. This case, in our judgment, does not sustain the appellant in his position; for in the case of *Yates vs. Heard* the motion was not to strike out a plea, but was to dismiss the suit, thereby making it, to all intents and purposes, a motion in abatement—as much so as if the same facts had been set up in a formal plea in abatement—and as a matter of course this court could have held in no other

way, than that a demurrer, filed subsequently to the motion in abatement, was a waiver of it. But the case at bar presents a totally different state of facts. The motion being considered, was simply to strike out a plea. It could not be considered as a motion in abatement, for the reason, that a motion or replication in abatement of a plea would amount, at least, to a solecism, if not an absolute absurdity. In the case of *Knott et al. vs. Clements ad.*, 13 *Ark. Rep.* 317, Mr. Justice WALKER, in determining a question somewhat akin to this, remarked that the objection should have been taken (in this case) by a motion to reject or strike out the plea, and not by demurrer, which presents alone the legal sufficiency of the plea for consideration." And in a subsequent case Mr. Justice SCOTT (in case *Allis vs. Bender*, 14 *Ark. Rep.* 627,) remarked that a demurrer would not lie to a plea, on the ground that the plea was not sworn to, saying that " according to the course of decisions of this court the demurrer did not reach the first objection (the one stated above). To do this, a motion to strike out was necessary ;" and, in support of this position, refers to the cases of *Wilson & Turner vs. Shannon and wife*, 1 *Eng. Rep.* 196; *Hardwick et al. vs. Campbell*, 2 *Eng. Rep.* 118; *Mayor & Aldermen of Little Rock vs. State Bank*, 3 *Eng. Rep.* 227; *State Bank vs. Ward*, *ib.* 506. From these authorities, then, we think it clear that a motion to strike out a plea, and a demurrer to the same plea perform totally different offices. The first is only intended to reach such defects as—after pleading to the action, one pleads matter in abatement, or pleads one not sworn to, when an affidavit is required, or one not signed by counsel. The second, or a demurrer to a plea, is proper, when the plea merely sets up a defective defence, or a defence defectively stated. See *Wilson & Turner vs. Shannon and wife*, 1 *Eng. Rep.* 196. We are of the opinion, therefore, that the demurrer of the appellee to the 3d plea of the appellant, was not a waiver of the motion of the appellee to strike that plea from the files of the court below.

And as the assignment of errors also questions the judgment of the Circuit Court in sustaining the motion of the appellee to strike

out the 3d plea of the appellant, we will proceed to determine that point. This plea was evidently intended, as its substance imports, to bar the plaintiff below from a recovery on the note declared on, and was an attack upon its consideration, averring fraud and usury to accomplish the bar. It does not purport to have been sworn to; and was, therefore, a nullity, as has been repeatedly held by this court. See *McFarland et al. vs. The State Bank, above referred to*, and, also, *Williams vs. Williams*, 13 *Ark. Rep.* 421. The motion to strike out this plea was therefore properly sustained.

The third plea having been stricken out, and as we have held, properly, by the Circuit Court of Columbia county, it does not become necessary for us to consider the demurrer which was interposed thereto in the court below, as the judgment of the court on the motion to strike out that plea, was a final disposition of it. We, therefore, refrain from any opinion on the subject of the demurrer.

The judgment of the Circuit Court of Columbia county, is therefore in all things affirmed.